I respectfully dissent.
Childersburg Bancorporation, Inc. ("CBI"), formerly owned First National Bank of Childersburg ("FNBC"). During the era of CBI's ownership, FNBC issued a letter of credit on behalf of Alabama Plating, Inc., in favor of the Alabama Department of Environmental Management ("ADEM"). The letter of credit was subsequently converted to a trust agreement naming ADEM as a beneficiary. FNBC thereafter challenged the validity of the letter of credit in favor of ADEM. CBI sold FNBC to Marion Lowery and Peoples State Bank of Commerce ("Peoples"). FNBC, subsequent to the sale to Peoples, continued its ongoing dispute with ADEM. FNBC, Lowery, and CBI became involved in separate litigation. As a part of the settlement of that litigation, an escrow account was created at FNBC providing for payments into the account until the sum of $140,000 had been paid in. The proceeds of the account were to be used exclusively to pay any judgment ADEM obtained against FNBC arising out of the trust agreement. The settlement agreement provided that the escrow account would terminate and all proceeds would be paid to CBI "two (2) years from the execution of this Settlement Agreement and Release as long as there is no litigation pending related to any claim made by ADEM. In the event such litigation is pending, the escrow shall terminate upon the conclusion of the litigation."
ADEM never initiated an action against Peoples. On June 20, 2003, approximately six weeks before the two-year window provided for in the settlement agreement was to close, Peoples[2]
commenced an interpleader action, paying into court the proceeds of the escrow account and joining ADEM and CBI as parties. CBI counterclaimed against Peoples, alleging a breach of the settlement agreement. CBI contends that the two-year window closed without action by ADEM and therefore that the escrowed funds should be returned to it. CBI and ADEM thus both claimed ownership of the funds made the basis of the interpleader. The trial court entered a summary judgment in favor of ADEM, awarding it the funds paid in by FNBC.
The summary judgment entered by the trial court in favor of ADEM established not only ADEM's right to recover on the trust agreement but also established ADEM's interest in the interpleaded funds paid into court from the escrow account. Whether the trial court correctly determined that ADEM was entitled to recover under the trust agreement is not before us. The question before us is whether the trial court correctly determined that ADEM was entitled to the interpleaded *Page 1147 
funds paid into court from the escrow account. The main opinion affirms the trial court's summary judgment in favor of ADEM.
Peoples justifies its interpleader action by contending that it was concerned about the possibility of double liability because, according to Peoples, if Peoples paid the funds in the escrow account to CBI, ADEM could have brought an action under the trust agreement (the successor agreement to the letter of credit); if it paid those funds to ADEM, CBI could have brought an action under the settlement agreement. Peoples erroneously contends that it is exposed to double recovery. Peoples's control over the account is based entirely on its standing as the successor to FNBC and, therefore, as holder of the escrow account. Peoples was a potential debtor of ADEM, long before it became an escrow agent. Peoples could have paid CBI the proceeds of the escrow account in accordance with the terms of the settlement agreement as CBI construes it and its potential liability to ADEM would remain no greater than it was before the settlement agreement was formulated; it simply would not have access to CBI's money in the escrow account with which to fund the payment. Peoples could have paid ADEM's claim out of its own assets without invading the escrow account and later litigated with CBI over its right to use the proceeds in the escrow account to reimburse itself for the payment to ADEM.
Peoples was exposed to single liability — it either owed the proceeds of the escrow account to CBI or it did not. Peoples had a separate obligation to ADEM. However, by filing the interpleader action, Peoples created an erroneous scenario of double liability. See 7 Charles Alan Wright, Arthur R. Miller 
Mary Kane, Federal Practice and Procedure § 1705 (2001) ("A prerequisite for permitting interpleader is that two or moreclaimants must be `adverse' to each other. This requirement isnot met when one of the claims clearly is devoid of substance, or one of the claimants is under the control of the stakeholder or has dropped the claim and the fear of multiple litigation or liability is groundless, or the claims are not asserted againstthe same fund, or the `stakeholder' may be liable to both claimants." (emphasis added; footnotes omitted)), citing Savagev. First Nat'l Bank Trust Co. of Tulsa, 413 F.Supp. 447, 452
(D.C.Okla. 1976), a case quite similar to the instant case. InSavage, a party in whose favor a bank had issued a letter of credit could base its claim to $200,000 only on the letter of credit, whereas the trustee in bankruptcy for the company that had given $200,000 in certificates of deposit to the bank to cause it to issue the letter of credit asserted a claim to the certificates of deposit themselves. Thus, the bank was not faced with any double liability with respect to any one particular fund and could not maintain an interpleader action.
The trial court's award of the interpleaded funds to ADEM should be reversed. ADEM should pursue its judgment against Peoples as a creditor of Peoples, not as a claimant to the funds in the escrow account. Rather than enter a judgment in its favor, as CBI insists based on its construction of the escrow agreement, I would remand this proceeding to the trial court for adversarial proceedings on the counterclaim between CBI and Peoples as to the ownership of the escrow account based solely on the terms of the settlement agreement.
[2] The complaint in this action describes Peoples, as successor to FNBC, as the plaintiff. The settlement agreement in the former litigation is between FNBC, Lowery, and CBI. *Page 1148